Knut S. Johnson (CSB 125725)
LAW OFFICE OF KNUT S. JOHNSON
655 West Broadway, Suite 900
San Diego, California 92101
(619) 232-7080
knut@knutjohnson.com
Attorney for Jovany Gallardo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.:  21-cr-1586-JLS |
|---|---|
| Plaintiff, | Defendant's Sentencing Memorandum |
| v. | August 25, 2023, 9:00 a.m. |
| JOVANY GALLARDO, | |
| Defendant. | |

I.      Introduction

Mr. Gallardo is a long-time addict who sold drugs to feed his own drug habit.  But despite that addiction and drug abuse, he is surrounded by people who believe him to a wonderful father, brother, son, and employee.  And in this case, this addict sold drugs to a government CI "at the request of task force agents" for 11 months when the government could have arrested him after one sale.  Each sale was between two and four ounces but aggregated together total over 500 grams.  Here Mr. Gallardo argues this Court should depart another 6 levels, the difference between the total aggregated sales and the first sale to the CI, because the government could have arrested and convicted him for that one sale.  Accordingly, this Court should sentence Mr. Gallardo to five-years in prison along with an RDAP recommendation.

But first, this memo and the letters attached as Exhibit A provide a bit more background about Mr. Gallardo from those that know him best.  First, Billy Moore from the ABC Youth

21-cr-1586-JLS

Foundation has known Mr. Gallardo for ten years.  Mr. Moore has been a coach and mentor to

Mr. Gallardo, who he describes as "always industrious, determined, compassionate, and willing

to help others."  Ex. A, page 1.  His mother, Carla Saligan, notes her son's addiction and asks

this Court for Compassion.  Ex. A, page 2.

Pastors Jesus and Maria Bello hope that Mr. Gallardo can be a part of their church,

which his parents attend.  Ex. A, page 3.  Karla Calleros, a part of that church community, note

how Mr. Gallardo's family feel Mr. Gallardo is ready for a change in his life.  Ex. A, page 4.

And his sister Dinorah Gallardo details Mr. Gallardo's dedication to his children, his

giving character, and his support for his family.  She also details how Mr. Gallardo took her to

Mr. Moore's gym every day after school and helped to train her.  And with him in jail, she says

"a piece of us is missing."  Ex. A, page 5.  Mr. Gallardo's ex-wife also notes his dedication to

their children.  Ex. A, page 6.  As does his sister Yamilet.  Ex. A, pages 9-10.  And his prior boss

Julie Jones thinks he is "an amazing mane" who is a great worker and a "devoted father."  Ex.

A, page 8.

II.     Additional departures and variances

This Court should also depart because the government encouraged the sale of ounce

quantities of methamphetamine for almost a year, raising the base offense level from 28 (for 35

to fifty grams of methamphetamine under §2D1.1(c)(6)) to 34 (for more than 500 grams of

methamphetamine under §2D1.1(3)).

Before the guidelines were held to be advisory, courts routinely considered departures

where the government solicited successive sales or where the government conduct manipulated

the sentence by allowing more sales.  For instance, both the First and Eighth Circuits have

suggested that sentencing manipulation might justify departure from the guideline range or

exclusion of the "tainted transactions" from the guideline computation. See *United States v.*

*Connell*, 960 F.2d 191, 196 (1st Cir. 1992) ("We can foresee situations in which exploitative manipulation of sentencing factors by government might overbear the will of a person predisposed only to committing a lesser crime."); *United States v. Stein*, 973 F.2d 600, 602 (8th Cir. 1992) (refusing to depart downward because defendant failed to show that he was "predisposed only to dealing in small quantities" and that "outrageous official conduct [overcame his] will").

But this Court is no longer mandated to sentence according to the guidelines.  Instead, this Court must consider all the relevant factors related to Mr. Gallardo and this offense.  And in this case, the offense continued for almost a year while the guidelines ticked upward.

And to be clear, Mr. Gallardo is not arguing that the government violated the constitution during the investigation here.  But while the investigatory purpose was proper, the purposes of using the weight of drugs to determine the base offense level is to accurately frame the level of criminality of a defendant.  And in this case, using the total amount of drugs exaggerates the culpability of Mr. Gallardo – he was an ounce seller – to something much more culpable.  Thus, this Court should depart from the artificially inflated guidelines.

III.    The just sentence is 60-months followed by Supervised Release conditions that include residential rehabilitation and RDAP

Title 18 U.S.C. § 3553(a)(2) address retribution, deterrence, incapacitation, and rehabilitation.  *See Tapia v. United States*, 564 U.S. 319, 325 (2011). This Court must impose a sentence that is sufficient, but not greater than necessary, to address these factors, "to the extent that they are applicable in light of all the circumstances of the case." *See* 18 U.S.C. §§ 3551(a), 3553(a); *Tapia*, 564 U.S. at 325.  Imprisonment can be useful and necessary to accomplish retribution and incapacitation, but it is not always necessary and appropriate to impose imprisonment.  More than 60-months imprisonment is a punishment that is greater than necessary to accomplish the purposes of sentencing under 18 U.S.C. § 3553(a)(2).

21-cr-1586-JLS

1

Conclusion

2      Mr. Gallardo asks the Court to sentence him to 60-months in custody followed by strict

3   Supervised Release conditions with an RDAP recommendation.

4

5   Dated: August 19, 2023                    Respectfully submitted,

6                                             */s/ Knut Johnson*

7                                             Knut S. Johnson
                                              Attorneys for Mr. Gallardo
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21-cr-1586-JLS